# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE - KNOXVILLE

| | |
|---|---|
| JONATHAN BECKERS<br>**Plaintiff,**<br><br>v.<br><br>UNIVERSITY OF TENNESSEE - KNOXVILLE<br>**Defendant.** | Case No. _____<br><br>**JURY DEMAND** |

## COMPLAINT

COMES NOW PLAINTIFF, by and through their undersigned counsel of record, Adam Strachn, and complains and alleges as follows:

### PARTIES

1. Plaintiff is a citizen and resident of Knox County, Knoxville, Tennessee.

2. Defendant, the University of Tennessee – Knoxville ("UTK"), is a land grant university established and authorized under the laws of the State of Tennessee, which provides undergraduate and graduate educational programs at various campuses located in the State of Tennessee, including, but not limited to, the campus located in Knoxville, Tennessee. Defendant may be served through C. Ryan Stinnett, Office of General Counsel, University of Tennessee – Office of General Counsel, 505 Summer Place – UT Tower #1155, Knoxville, TN 37902.

## JURISDICTION & VENUE

3. This court has subject matter jurisdiction over this matter pursuant to Federal question jurisdiction as codified in Article III of the Constitution of the United States. *See* U.S. Const., art. III, §. 2.

4. This court is the appropriate venue as both Plaintiff and Defendant are located in Knoxville, Tennessee and the facts and allegations contained herein occurred in Knoxville, Tennessee.

## FACTS COMMON TO ALL ALLEGATIONS

5. Defendant is an employer engaging in an industry affecting commerce within the State of Tennessee, employing more than fifteen (15) regular employees in the State of Tennessee.

6. At all times mentioned within this complaint, Defendant employed in excess of 501 employees.

7. At all times mentioned within this complaint, Defendant was an employer subject to the provisions of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Amendments Act of 2008, 42 USCS § 12101 *et seq.*

8. Plaintiff is a 58-year old male.

9. Plaintiff was first hired to work for Defendant on or about February 13, 2013 as a CSO Security Officer.

10. Plaintiff is still an employee of Defendant as of the time of the filing of this complaint.

11. Plaintiff is currently on "unpaid leave" as of April 8, 2021.

12. Plaintiff had no disciplinary issues and performed his job duties in a competent and satisfactory manner.

13. Plaintiff reports to Lt. Jim Underwood for Defendant's internal Police Department.

14. Defendant's Police Department is accredited through the Commission on Accreditation for Law Enforcement Agencies, the International Association of Campus Law Enforcement Administrators, and the Tennessee Law Enforcement Accreditation Commission.

15. Plaintiff's direct supervisor and all other individuals within Defendant's chain of command were, and continue to be, employees and agents of Defendant.

16. Plaintiff's direct supervisor and all other individuals within Defendant's chain of command had the authority to schedule, discipline, and terminate Plaintiff's employment.

17. On or about December 1, 2020, Plaintiff began experiencing an increase in issues with his health and sought the opinion of various doctors and specialists.

18. Subsequent to these medical appointments, on December 9, 2020 it was discovered that Plaintiff had a "brain mass", commonly referred to as a brain tumor.

19. On or about December 15, 2020, Plaintiff applied, and received approval, for intermittent leave as defined within the US Family and Medical Leave Act ("FMLA"). This letter stated that the 12-month period for intermittent leave under FMLA began on July 27, 2020, thereby ending on July 27, 2021. *See* Exhibit A.

20. Plaintiff immediately began treatment under the supervision of his doctors; specifically, Dr. Michael J. Passarello.

21. Dr. Passarello's professional opinion was that Plaintiff's medical condition did not prevent him from executing his job duties as otherwise required or expected of him.

22. Dr. Passarello's professional opinion was that it would be in Plaintiff's best interest to a) work a daytime shift schedule, and b) not work more than 40 hours per week.

23. Dr. Passarello's reasoning behind this opinion was failure to follow these recommendations would result in the tumor growing faster through the disruption of Plaintiff's day/night rhythm, thus causing additional harm to Plaintiff.

24. On or about February 15, 2021, Plaintiff relayed these concerns to Defendant through the official channels and procedures set out by Defendant by filing a Request for Reasonable Accommodation. *See* Exhibit B.

25. On or about March 26, 2021, Plaintiff received a letter from Defendant's Office of Equity & Diversity which recommended a) a daytime shift schedule, and b) work hours not to exceed 40 hours/week. *See* Exhibit C.

26. The letter from Defendant's Office of Equity & Diversity was addressed to Lt. Jim Underwood, Plaintiff's supervisor and the individual responsible for implementing the recommendations from Plaintiff's doctor and Defendant's Office of Equity & Diversity.

27. On or about April 1, 2021, Plaintiff received a letter from Deputy Chief Jeff Severs, copying Assistant Chief Sean Patterson, Julie Roe – Human Resources, and Jill Malolepszy – OED (Office of Equity & Diversity), which stated that Defendant was unable to provide the accommodations recommended by Plaintiff's doctor and Defendant's Office of Equity & Diversity. Further, this letter stated that Defendant "…is willing to place you [Plaintiff] on an unpaid leave of absence for a period of up to two years, until such time that a day shift position becomes available or you are released by your healthcare provider to work other shifts." *See* Exhibit D.

28. The April 1, 2021 letter continued to state that Plaintiff must notify Defendant's Police Department in writing by April 9, 2021 of Plaintiff's acceptance of the offer for an unpaid leave of absence or it would be assumed that Plaintiff had resigned.

29. Plaintiff was therefore placed in a position where he had no choice but to accept the unpaid leave of absence.

### ALLEGATION NO. 1 – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30. Plaintiff incorporates paragraphs 1-29 by reference as if they were fully restated herein.

31. Due to Plaintiff's medical issues as described herein, Plaintiff had a genuine medical issue that impacted his daily life, such that he qualified for a reasonable accommodation through Defendant under the American with Disabilities Act.

32. Plaintiff therefore sought a reasonable accommodation as defined by the Americans with Disabilities Act through the appropriate internal procedures and policies of Defendant.

33. The process for a reasonable accommodation required that Plaintiff and Defendant enter into an interactive process to reach an understanding that allowed Plaintiff to continue to work, subject to reasonable accommodations, without imparting an undue burden on Defendant.

34. Alternatively, if through this interactive process it was determined that providing a reasonable accommodation to Plaintiff's requests, in his current role and with his current job duties, would result in an undue burden on Defendant, Defendant was to reassign Plaintiff to a different position within Defendant's organization which would allow Plaintiff to continue his employment.

35. Upon information and belief, Defendant's Office of Equity & Diversity began the interactive process and recommended that reasonable accommodation be given.

36. Upon information and belief, Defendant's Police Department did not continue the interactive process and attempt to accommodate Plaintiff's reasonable request for accommodation.

37. Upon information and belief, Defendant's Office of Equity & Diversity had knowledge that Plaintiff was not given reasonable accommodations.

38. Upon information and belief, Defendant did not attempt to reassign Plaintiff to a vacant position within Defendant's organization, which is recognized as a reasonable accommodation within the Americans with Disabilities Act.

39. Upon information and belief, Defendant told Plaintiff that he would not receive any help from Defendant in reassignment to a new position, and that he would

need to resign in order to apply to any other vacant positions within Defendant's organization.

40. Upon information and belief, Defendant further intentionally ignored their obligations under their April 1, 2021 letter which stated that when a day shift became available that Plaintiff would be recalled from unpaid leave and given the requested reasonable accommodations.

41. Upon information and belief, multiple daytime positions within Defendant's Police Department have become available since April 1, 2021 yet Plaintiff has not been recalled from unpaid leave.

## PRAYER FOR RELIEF

Plaintiff respectfully requests and prays for relief as follows:

1. That the Court find the Defendant liable for Allegation No. 1 as listed herein;

2. That the Court award $533,600.00 in lost wages from date of termination until Plaintiff's Medicare eligible date, inclusive of cost of living adjustments;

3. That the Court award $100,000.00 for emotional distress;

4. That the Court award $30,000.00 to reimburse Plaintiff for his retirement account's early withdrawal penalties due to Defendant's actions;;

5. That the Court award $17,000.00 due to loss of employee half-tuition credit which should have been available to Plaintiff's son due to Plaintiff's employment with Defendant;

6. That the Court award four (4) years' worth of employee half-tuition credit to Plaintiff's daughter to be placed in daughter's account at the University of Tennessee – Knoxville for use towards daughter's tuition and other school expenses, if she should need it, to be used according to Defendant's normal half-tuition practices;

7. That the Court award Plaintiff attorney's fees and other court and legal costs; and

8. That the Court grant all further relief it deems just and proper.

Dated this 20th day of October, 2022.

Respectfully submitted,

_____
Adam Strachn, Esq.
Tennessee Bar No. 033915

Law Office of Adam Strachn, PLLC
11124 Kingston Pike Suite 119-317
Knoxville, TN 37934
Tel.: 865.419.0747
Fax: 865.328.0737
adam@strachnlaw.com
*Attorney for Plaintiff*