UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JONATHAN BECKERS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 3:22-cv-374 |
| v. | ) | |
| | ) | Judge Atchley |
| | ) | |
| UNIVERSITY OF TENNESSEE - | ) | Magistrate Judge Poplin |
| KNOXVILLE, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss [Doc. 9], through which the University of Tennessee requests that this Court dismiss Plaintiff's claim for lack of subject-matter jurisdiction. Plaintiff commenced this action on October 20, 2022, by filing its initial complaint. [Doc. 1]. Defendant then filed this Motion to Dismiss on December 13, 2022. [Doc. 9]. Plaintiff filed an Amended Complaint [Doc. 14], and Defendant filed an Answer to the Amended Complaint. [Dc. 16]. Plaintiff also filed a Response to Defendant's Motion to Dismiss, claiming that the motion is now moot. [Doc. 15].

Defendant argues that Plaintiff's claim for money damages is barred by the Eleventh Amendment. [Doc. 9 at 2-4]. Particularly, Defendant argues that Tennessee has not abrogated its Eleventh Amendment immunity regarding Title I claims under the Americans with Disability Act and the University of Tennessee is protected by this immunity as an arm of the State of Tennessee. [*See id.*]. Plaintiff's First Amended Complaint, filed after Defendant's Motion to Dismiss, does not include a claim for money damages but rather for injunctive relief. [Doc. 14].

An amended complaint supersedes an earlier complaint for all purposes. *Calhoun v. Bergh*,

769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013)). As such, Defendant's Motion to Dismiss [Doc. 9], regarding Plaintiff's original complaint, is moot. *See Ky. Press Ass'n, Inc. v. Kentucky*, 355 F.Supp.2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes (sic) the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). Furthermore, Defendant did not file a reply to Plaintiff's argument that the Motion to Dismiss is moot, and it ultimately "admits that this Court has subject-matter jurisdiction over this matter" in its Answer to the First Amended Complaint. [Doc. 16 at ¶ 5].

Accordingly, Defendant's Motion to Dismiss [Doc. 9] is hereby **DENIED as moot**. This matter shall proceed as currently scheduled.

    **SO ORDERED.**

                                                  */s/ Charles E. Atchley, Jr.*
                                                  **CHARLES E. ATCHLEY JR.**
                                                  **UNITED STATES DISTRICT JUDGE**